

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

Constance Van Epps,

        Plaintiff

vs.

Redcats USA, Inc.,

        Defendant

------------------------------------------------X

CIVIL ACTION NO.:

**05 CV 10757**

COMPLAINT AND
DEMAND FOR JURY TRIAL

*Judge Berman*

Plaintiff, Constance Van Epps, by and through her attorney, James B. Van Epps, as and for her Complaint and Jury Demand against defendant, Redcats USA, Inc., alleges and says:

### NATURE OF THE ACTION

1. This action is one for breach of contract, promissory estoppel, fraudulent inducement / promissory fraud and negligent misrepresentation.

2. This action arises out of defendant's failure, at the time of defendant's termination of plaintiff's employment, to abide by promises and representations made to plaintiff in connection with defendant's hiring of plaintiff.

### PARTIES

3. Plaintiff, Constance Van Epps, is a natural person residing at 76 Passaic Avenue, Summit, New Jersey 07901.

4. Upon information and belief, defendant is a corporation duly organized and existing under the laws of the State of Delaware and authorized by the New York Department

of State to transact business in the State of New York. Defendant has a place of business located at 763 Seventh Avenue, New York, New York 10018. Defendant was formerly known as Brylane Inc.

## ALLEGATIONS AS TO VENUE AND JURISDICTION

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 because defendant has its place of business located in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this action is a diversity action between a resident of New Jersey and a corporation organized under the laws of the State of Delaware and transacting business in the City and State of New York, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. This court has personal jurisdiction over defendant because defendant has been authorized to transact business in this District, has its principal place of business located in this District, and has and continues to transact business in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff received an offer of employment from defendant on or about November 17, 2000.

9. At the time that plaintiff received such offer, plaintiff was gainfully and securely employed by iVillage.com and receiving compensation therefrom which included a salary of approximately $170,000 and an annual bonus of approximately $34,000 (20% of

salary). In the course of such employment, plaintiff had received salary increases, bonuses and grants of stock options.

10. Plaintiff was introduced to defendant as a potential employee by plaintiff's former supervisor at iVillage.com, who had joined defendant in the position of Vice-President of e-Commerce. Defendant at the time was seeking to develop an e-commerce division and contacted plaintiff to request that plaintiff interview and seek employment with defendant.

11. Prior to accepting defendant's offer of employment, plaintiff informed defendant's Director of Human Resources in New York that plaintiff was resigning from her position at iVillage.com and was concerned that upon leaving such position, defendant could terminate plaintiff's employment at any time without cause. Plaintiff told defendant's Director of Human Resources in New York that plaintiff could not accept employment with defendant without the protection afforded by severance benefits.

12. To reassure plaintiff, defendant's Director of Human Resources in New York informed plaintiff that under defendant's policy, individuals employed by defendant at the level of vice-president who were terminated without cause were paid severance and benefits at the time of termination equal to the amounts that such individuals would earn if their employment continued for one additional year (i.e., "one-year severance"). Defendant's Director of Human Resources in New York assured plaintiff that plaintiff would receive one-year severance if her employment with defendant was terminated without cause.

13. Plaintiff accepted defendant's representation and in reliance upon such representation resigned her position at iVillage.com and accepted defendant's offer of employment. Plaintiff commenced employment with defendant as a vice-president on or about December 27, 2000.

14. Plaintiff continued her employment as a vice-president of defendant until June 23, 2005, at which time defendant terminated plaintiff's employment.

15. Defendant terminated Plaintiff's employment without cause.

16. Plaintiff has requested defendant to make the promised one-year severance to plaintiff and defendant has refused.

## FIRST CAUSE OF ACTION
(Breach of Contract)

17. Plaintiff repeats and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 16 of the complaint with the same force and effect as if set forth at length herein.

18. Defendant offered to employ plaintiff and in connection with such offer of employment promised plaintiff that, as a vice-president of defendant, plaintiff would receive severance equal to her salary and benefits for one full year if her employment with defendant was terminated by defendant without cause.

19. The foregoing promise to plaintiff was made by defendant's Director of Human Resources in New York, an individual with actual or implied authority to make such promise on behalf of defendant.

20. Plaintiff accepted defendant's offer of employment and entered into an employment contract with defendant, which contact included, inter alia, the aforesaid promise by defendant to plaintiff.

21. Plaintiff worked diligently for defendant and received positive performance reviews. Defendant increased plaintiff's salary at each review cycle.

22. Defendant breached its contract with plaintiff by refusing to pay the one-year severance to plaintiff upon defendant's termination, without cause, of plaintiff's employment.

23. As a direct and proximate result of the aforementioned breach of contract, plaintiff has suffered damages in an amount to be determined at trial, but estimated to exceed $260,000, and continues to suffer damages.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment against defendant awarding:

(a) Actual, consequential, direct, indirect, exemplary, punitive and statutory damages in an amount to be determined at trial, but estimated to exceed $260,000;

(b) Pre-judgment and post-judgment interest;

(c) Attorney's fees, costs and disbursements of the within lawsuit; and

(d) Such other and further relief as the Court shall deem just and proper.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

24. Plaintiff repeats and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 23 of the complaint with the same force and effect as if set forth at length herein.

25. Defendant promised plaintiff that plaintiff would receive severance equal to the compensation otherwise payable to her for one full year if plaintiff was terminated by defendant without cause, all in accordance with defendant's policy, as aforesaid.

26. The aforesaid promise was made to plaintiff with the expectation that plaintiff would rely upon such promise in agreeing to resign from her position of employment at iVillage.com and accept defendant's offer of employment.